In the Matter of ANONYMOUS, Petitioner. [624 NYS2d 1022] —Application denied with leave to renew. Memorandum: We find that petitioner has failed to demonstrate that he currently possesses the character and fitness to practice law required by Judiciary Law § 90 (1) (a) *(see, Matter of Cassidy,* 268 App Div 282, *affd* 296 NY 926).

Petitioner raised his diagnosed schizophrenia and the severe disabling nature of his illness to explain his default on a student loan, his inability to work for a four-year period and his two prior arrests. Inasmuch as petitioner has attempted to excuse his conduct based upon a mental illness, petitioner is required to demonstrate that his illness will not impair his current ability to perform the responsibilities of an attorney and counselor at law. Petitioner has failed to meet that burden. The record contains numerous inconsistent and conflicting statements regarding the prognosis of petitioner, his need for medication and his willingness to adhere to a prescribed regimen of medication.

Petitioner may renew his application for admission upon submission of appropriate medical proof on the issue of his current prognosis and course of treatment. Present—Denman, P. J., Green, Lawton, Fallon and Callahan, JJ.

In the Matter of IRWIN R. GILBERT, for Reinstatement. [624 NYS2d 1010] —Order entered terminating suspension and reinstating petitioner as an attorney and counselor-at-law. Present—Denman, P. J., Green, Lawton, Fallon and Balio, JJ.

In the Matter of DONALD A. KOHLER, for Reinstatement. [624 NYS2d 1009] —Order entered terminating suspension and reinstating petitioner as an attorney and counselor-at-law. Present—Denman, P. J., Green, Lawton, Callahan and Balio, JJ.

In the Matter of ROBERT H. WOODFORD, an Attorney. [624 NYS2d 984] —Order of suspension entered pursuant to Judiciary Law § 90 (4) (f). Present—Denman, P. J., Green, Pine, Fallon and Callahan, JJ. (Filed Jan. 23, 1995.)